UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDNA SLOAN a/k/a EDNA AGUILAR a/k/a EDNA SLOAN AGUILAR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   4:18-cv-00168 |
| THE CBE GROUP, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes EDNA SLOAN a/k/a EDNA AGUILAR a/k/a EDNA SLOAN AGUILAR ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of THE CBE GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4.   Plaintiff is a natural person residing in the Southern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is in the business of collecting delinquent consumer debts of others, including debts allegedly owed by Plaintiff. Defendant's principal place of business is located at 1309 Technology Parkway, Cedar Falls, Iowa 50613 and it regularly collects upon individuals in Texas.

7.   Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.   Prior to the events leading up to this cause of action, Plaintiff had undergone a medical procedure and incurred debt ("subject debt") as a result.

9.   The procedure Plaintiff received was to be covered by the Affordable Care Act and therefore, did not pay the subject debt.

10.   After the subject debt had been deemed to be in default, Plaintiff began receiving calls to her cellular phone from Defendant, the purpose of which were to collect the subject debt.

11.   Since October 2017, Plaintiff has been receiving calls to her cellular phone, (941) XXX-6219, from Defendant attempting to collect the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6219.

13. Defendant has used the numbers (754) 208-4141, (754) 209-0978, (754) 208-4120, (754) 208-4162, (754) 209-0957, and (754) 208-5122, when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

15. Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant is acting as a debt collector attempting to collect upon the subject debt.

17. Feeling harassed by Defendant's collection calls, many of which were placed to Plaintiff's cellular phone while she was at work, Plaintiff sent a cease and desist letter to Defendant on October 22, 2017 requesting that Defendant cease placing calls to her cellular phone.

18. On December 6, 2017, Plaintiff sent yet another cease and desist letter to Defendant, further directing Defendant to cease its communications to her.

19. Notwithstanding Plaintiff's cease and desist letters, Defendant continued placing calls to Plaintiff's cellular phone.

20. In defiance of Plaintiff's cease and desist letter, Defendant continued to place collection calls to Plaintiff's cellular phone on the following dates and times[1]:

    a. November 27, 2017 at 10:02 a.m. from telephone number (754) 208-4162;
    b. November 27, 2017 at 12:08 p.m. from telephone number (754) 208-4162;
    c. November 27, 2017 at 2:45 p.m. from telephone number (754) 208-4162;
    d. November 28, 2017 at 8:53 a.m. from telephone number (754) 208-4120;
    e. November 28, 2017 at 12:24 p.m. from telephone number (754) 208-4120;
    f. November 28, 2017 at 3:53 p.m. from telephone number (754) 208-4120;
    g. November 28, 2017 at 3:54 p.m. from telephone number (754) 208-4120;
    h. November 29, 2017 at 9:39 a.m. from telephone number (754) 209-0957;

---

[1] This list is not exhaustive, but merely represents the calls placed by Defendant to Plaintiff's cellular phone that Plaintiff has record of.

3

    i.   November 29, 2017 at 11:46 a.m. from telephone number (754) 209-0957;

    j.   November 30, 2017 at 12:10 p.m. from telephone number (754) 208-4162;

    k.  November 30, 2017 at 4:11 p.m. from telephone number (754) 208-4162;

    l.   December 1, 2017 at 10:15 a.m. from telephone number (754) 208-5122;

    m. December 1, 2017 at 12:21 p.m. from telephone number (754) 208-5122;

    n.  December 5, 2017 at 9:38 a.m. from telephone number (754) 208-4142;

    o.  December 5, 2017 at 11:51 a.m. from telephone number (754) 208-4142;

    p.  December 6, 2017 at 9:32 a.m. from telephone number (754) 209-0978;

    q.  December 11, 2017 at 9:28 a.m. from telephone number (754) 208-4142;

    r.   December 12, 2017 at 8:55 a.m. from telephone number (754) 208-4162; and

    s.  December 12, 2017 at 12:45 p.m. from telephone number (754) 208-4162.

21. Feeling helpless and harassed by Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the constant calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

4

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it allegedly arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

### a. Violations of FDCPA §1692b

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

30.   Defendant violated §1692b(3) by contacting Plaintiff on numerous occasions seeking to collect upon the subject debt. Plaintiff explicitly notified Defendant that she no longer wished to receive collection calls to her cellular phone. Notwithstanding the two cease and desist letters Plaintiff sent to Defendant, Defendant continued to call Plaintiff's cellular phone numerous times without her consent.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating "with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer" without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction. Additionally, pursuant to 15 U.S.C. §1692d, the FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5)

further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being asked to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of her demands was harassing and abusive. The frequency and volume of the calls illustrates how Defendant willfully ignored Plaintiff's written requests with the goal of annoying and harassing Plaintiff.

33. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff numerous times. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop calling, is unfair and unconscionable behavior. These means employed by Defendant only served to harass and confuse Plaintiff.

36. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, EDNA SLOAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phones. The noticeable pause, lasting approximately three to five seconds in length, which Plaintiff experiences during answered calls from Defendant is indicative that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing numerous of phone calls to Plaintiff's cellular phone using an ATDS without her consent. Defendant was calling Plaintiff's cellular phone

seeking to collect a debt after Plaintiff requested in writing that Defendant cease placing calls to her cellular phone.

41. The calls placed by Defendant to Plaintiff's cellular phone were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant's willful conduct is exemplified by its persistent calling of Plaintiff's cellular phone despite knowing that Plaintiff did not consent to the calls to her cellular phone.

WHEREFORE, Plaintiff, EDNA SLOAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c.   Awarding Plaintiff costs and reasonable attorney fees; and

   d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

46. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

47. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

48. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after she demanded in writing that the calls cease. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of her demands was harassing and abusive. Furthermore, the nature and volume of phone calls would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, EDNA SLOAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

49. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

9

50.  The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

51. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

52. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

53. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

54. Defendant's collection calls to Plaintiff's cellular phone are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

55. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff or causing Plaintiff to be contacted on her cellular phone. Defendant repeatedly called Plaintiff on her cellular phone through means of an ATDS when Defendant did not have consent to do so, after Plaintiff demanded in writing that the calls cease. Defendant ignored Plaintiff's requests by continuing to systematically place calls to her cellular phone without her consent. By doing so, Defendant, falsely and deceptively represented that it had the legal ability to contact Plaintiff on her cellular phone seeking collection of a debt when it was not legally entitled to take such action. Defendant had an obligation under the TCPA to cease its contacts to Plaintiff's cellular phone, but ignored this obligation in order to maximize its profits and continued to harass Plaintiff. Following its characteristic behavior in placing, or causing to be placed, voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

56. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

57. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

58. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally. After Defendant was notified by Plaintiff that she did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff on her cellular phone. Even still, Defendant continued to act in defiance of Plaintiff's prompts and the law by continuing to bombard her with collection calls. In an unfair and unconscionable manner, Defendant caused Plaintiff to be called numerous times in an attempt to harass, annoy, and coerce Plaintiff into making a payment towards the subject debt.

59.  As stated above, Defendant is also in violation of the TDCA. "A violation of the TDCA is a per se deceptive trade practice under the DTPA, and is actionable under the DTPA." Tex. Fin. Code. Ann. § 392.404(a).

60. Thus, Defendant's harassment campaign does not only violate the TDCA, but also constitutes a per se deceptive trade practice pursuant to the DTPA. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and, for public policy reasons, should be penalized.

WHEREFORE, Plaintiff, EDNA SLOAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

c.  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 22, 2018                                    Respectfully submitted,

s/ Marwan R. Daher                                         s/Omar T. Sulaiman
Marwan R. Daher, Esq.                                      Omar T. Sulaiman, Esq.
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Southern District of Texas                Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                      2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                                (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                                     osulaiman@sulaimanlaw.com

12